CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968;
Fax:    1-702-825-8071
Email: attcbf@cox.net

ANTHONY I. PARONICH, ESQ. (SBN 678437)[1]
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone:  (617) 738-7080
Facsimile:   (617) 830-0327
Email: anthony@broderick-law.com
*Subject to Pro Hac Vice*

*Attorneys for Plaintiff Blake Cooley and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BLAKE COOLEY, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>       v.<br><br>HIBU INC., a Delaware corporation.<br><br>                  Defendant. | NO.  2:19-cv-00269<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Blake Cooley (hereinafter "Plaintiff"), by his undersigned counsel, files this class action complaint against Hibu Inc. ("Hibu"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Hibu"), and alleges as follows:

///

---

[1]  Massachusetts counsel will comply with LR IA 11-2 and move for *pro hac vice* admission within 45 days.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

## I.  INTRODUCTION

1.  <u>Nature of Action</u>.  Plaintiff Blake Cooley ("Plaintiff"), individually and as class representative for all others similarly situated, brings this action against Hibu for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Hibu made automated telemarketing calls to Mr. Cooley and others without their prior express written consent.

## II.  PARTIES

2.  Plaintiff Blake Cooley is a resident of Nevada, and of this District.

3.  Defendant Hibu Inc. is a Delaware corporation and has its principal place of business in East Meadow, NY, with a registered agent of CT Corporation, 28 Liberty St., New York, NY.

## III.  JURISDICTION AND VENUE

4.  <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.  Furthermore, this Court has original jurisdiction over Plaintiff's claims pursuant to the "Class Action Fairness Act," 28 U.S.C. §§ 1332(d), 1435.  While it is anticipated that neither Plaintiff nor any individual class member's claims exceeds $75,000, the aggregate amount in controversy for the Class exceeds $5 million exclusive of interest and costs, and Plaintiff is a citizen of a different state from Defendant.

5.  <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Hibu because it has submitted to Nevada jurisdiction by engaging in telemarketing into this state and trying to solicit customers in this state, as it did with the Plaintiff.

6.  <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, whereas the telemarketing calls that are the subject of this Complaint were made into this District.

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 2

**IV.     THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 47 U.S.C. § 227**

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful to initiate any telephone call using an automatic telephone dialing system to any cellular telephone line or any service where the called party is charged for the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

9. In 2013, the FCC required prior express written consent for all autodialed telemarketing calls ("robocalls"). Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**V.     FACTUAL ALLEGATIONS**

**A.     Factual Allegations Regarding Hibu**

10. Hibu is a digital marketing agency. *See* https://hibu.com/company/about-us (last visited February 1, 2019).

11. Hibu services clients nationwide, including in Nevada. *Id.*

12. Hibu's business model relies on contacting small businesses to attempt to convince them to retain their services.

13. One of Hibu' strategies for marketing these services involves the use of autodialers to solicit business.

14. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

15. Unfortunately, this system, while efficient for Hibu, comes at the expense of the call recipients' privacy, and is exactly the kind of telemarketing that the TCPA was passed to prevent.

**B.      Factual Allegations Regarding Plaintiff**

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff's telephone number that received the telemarketing calls at issue is registered to a cellular telephone service.

18. Plaintiff's telephone number that received the telemarketing calls at issue was on the National Do Not Call Registry for more than 31 days before receiving the call at issue.

19.  On December 26, 2018, Mr. Cooley received a call on his cellular telephone number from the Defendant.

20. After saying "hello", Mr. Cooley heard a loud clicking sound and a pause.

21. That clicking sound is a telltale sign of a predictive dialer.

22. The clicking sound and the pause is an indication of the predictive dialer's algorithm attempting to connect Mr. Cooley to a live telemarketing representative.

23. A predictive dialer is an ATDS.

24. During the call, a "Jenora" advertised the Defendant's services on the telemarketing call.

25. Confirming that the call was from the Defendant, Mr. Cooley received an e-mail from Ms. Jenora Malamphy, a Hibu employee.

26. Plaintiff did not provide his prior express written consent to receive autodialed telemarketing calls on his telephone from, or on behalf of, Hibu.

27. In fact, prior to the filing of this lawsuit, Mr. Cooley contacted Hibu about the calls.

28. Hibu responded that they did not have an actual written ink signature to make calls to him.

29. Instead, they claimed that Mr. Cooley visited Hibu's Facebook page, but did not provide any evidence of him actually visiting the page.

30. Mr. Cooley did not visit Hibu's Facebook page.

31. Plaintiff's privacy has been violated by the above-described calls from, or on behalf of, Hibu, and they constitute a nuisance as they are annoying and harassing.

32. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Hibu because their privacy has been violated, they were subjected to annoying and harassing calls that constitute a nuisance, and they were invasive of their privacy. The calls also occupied Plaintiff's telephone line from legitimate communication.

## VI.   CLASS ACTION ALLEGATIONS

33. <u>Class Definition</u>.  Pursuant to FRCP 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of the national Class defined as follows:

> All persons to whom:  (a) Hibu and/or a third party acting on Hibu's behalf, made one or more non-emergency telephone calls; (b) using an automatic telephone dialing system; (c) to their cellular telephone number or to a telephone number that is charged for the call; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

34. <u>Numerosity</u>.  The Class are so numerous that joinder of all members is impracticable. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

35. <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

    a.   Whether Hibu and/or its affiliates, agents, and/or other persons or entities acting on Hibu's behalf violated 47 U.S.C. § 227 by making any call, except for emergency purposes, using an automatic telephone dialing system to a cellular telephone or phone for which the call recipient is charged for the service;

    b.   Whether Hibu and/or its affiliates, agents, and/or other persons or entities

acting on Hibu's behalf obtained prior express written consent prior to making the calls at issue;

      c.      Whether Hibu and/or its affiliates, agents, and/or other persons or entities acting on Hibu's behalf should be enjoined from violating the TCPA in the future.

36. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Hibu and are based on the same legal and remedial theories.

37. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel has interests that are contrary to or that conflict with those of the proposed Class.

38. <u>Predominance</u>.  The Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

39. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel the Defendant to comply with the TCPA.  The interest of individual members of the Class controlling the prosecution of separate claims against the Defendant is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

40. <u>Injunctive and Declaratory Relief is Appropriate</u>.  The Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII.     FIRST CLAIM FOR RELIEF
### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

41. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42. The foregoing acts and omissions of Hibu and/or its affiliates, agents, and/or other persons or entities acting on Hibu's behalf constitute numerous and multiple violations of the TCPA, by making a call, except for emergency purposes, using an automatic telephone dialing system to a cellular telephone.

43. As a result of Hibu's and/or its affiliates, agents, and/or other persons or entities acting on Hibu' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made or up to $1,500 for each telemarketing call made deemed to be a "willful or knowing" violation.

44. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Hibu from using third parties to make outbound telemarketing calls.

## VIII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Hibu as follows:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.  An order enjoining Hibu from using third parties to make outbound telemarketing calls;

F.  An award to Plaintiff and the Class of damages, as allowed by law;

G.  An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H.  Leave to amend this Complaint to conform to the evidence presented at trial; and

I.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

## IX.  DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 13th day of February, 2019.

By:  /s/ *CRAIG B. FRIEDBERG*
CRAIG B. FRIEDBERG, ESQ.
-and-
ANTHONY I. PARONICH (SBN 78437)
(*Subject to Pro Hac Vice*)
BRODERICK & PARONICH, P.C.
*Attorneys for Plaintiff Blake Cooley and the Proposed Class*

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 8